IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

NEELAM PATEL;
MEDIFIELD STAFFING, INC.; and
DELAWARE PHYSICIAN CORP.,

    Plaintiffs,

v.   CASE NO.: 20-CA-000297

SANJIV SAHNI; and
DINOWITZ & BOVE
CERTIFIED PUBLIC ACCOUNTANTS, P.C.,

    Defendants.
_____/

## COMPLAINT

Plaintiffs Neelam Patel ("Patel"), Medifield Staffing, Inc. ("Medifield"), and Delaware Physician Corp. ("DPC") sue defendants Sanjiv Sahni ("Sahni") and Dinowitz & Bove Certified Public Accountants, P.C. ("Dinowitz") and allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages arising from the breach of fiduciary duty and accounting malpractice of Sahni and Dinowitz (together, "Defendants") in connection with their failures to properly and timely prepare and file certain tax returns on behalf of Patel and her companies Medifield and DPC. Together, Patel, Medifield, and DPC are referred to herein as "Plaintiffs."

2. Plaintiffs seek damages in excess of $30,000.00, exclusive of interest, costs, and attorneys' fees.

3. Patel is a resident of Pasco County, Florida.

4. Medifield is a Florida corporation with its principal place of business in Pasco County, Florida.

1

5. DPC is a Florida corporation with its principal place of business in Pasco County, Florida.

6. Sahni is a New Jersey resident.

7. Dinowitz is a New York professional corporation.

8. This action arises from Defendants operating, conducting, engaging in, or carrying on a business or a business venture in Florida and committing tortious acts in Florida.

9. Pursuant to section 47.041 of the Florida Statutes, venue is proper in Pasco County, Florida, because one or more of the causes of action against Defendants arose in Pasco County, Florida.

## GENERAL ALLEGATIONS

10. Patel is the president and sole owner of Medifield and DPC.

11. At all relevant times, Sahni was a certified public accountant with Dinowtiz, an accounting firm.

12. Plaintiffs engaged Defendants to accurately and timely prepare and file Plaintiffs' federal and state tax returns for a number of years; to pay, with funds provided by Plaintiffs, amounts owed on the tax returns; and to provide sound accounting and tax advice.

13. Defendants assumed responsibility for preparing and filing Plaintiffs' tax returns accurately and by the deadlines to file.

14. Defendants also assumed responsibility for paying, using funds provided by Plaintiffs, amounts owed on Plaintiffs' tax returns, including without limitation unpaid taxes.

15. Defendants failed to prepare and file Plaintiffs' tax returns accurately and timely and failed to pay amounts owed on the tax returns.

16. As a result of Defendants' failures, in connection with her federal income tax returns, Patel's returns for tax years 2010 and 2012 were not filed, and Patel also has incurred late filing penalties for tax years 2015 and 2016 and late payment penalties and interest for tax years 2013, 2014, 2015, and 2016.

17. As a result of Defendants' failures, in connection with her state of Delaware tax returns, Patel has incurred late interest for tax year 2014 and late filing penalties and interest for tax years 2015 and 2016.

18. Defendants also made errors on Patel's 2014, 2015, and 2016 federal and state of Delaware tax returns by failing to account for rental property income, incorrectly identifying Patel's residence as in Delaware rather than Florida, or failing to claim deductions for interest on loan payments. These errors exposed Patel to incorrect tax liabilities, penalties, and interest charges.

19. As a result of Defendants' failures, in connection with its federal corporate tax returns, Medifield's tax returns for tax years 2011 and 2016 were not filed, and Medifield also incurred a late filing penalty for its 2013 return; late payment penalties and penalties for failing to prepay tax for its 2013 and 2015 returns; and interest for its 2012, 2013, and 2015 returns.

20. As a result of Defendants' failures, Medifield's state of Delaware corporate tax returns were not filed for tax years 2010, 2011, 2012, 2013, 2014, 2015, and 2016.

21. Defendants also failed to advise Patel and Medifield of the tax consequences of converting from a C corporation to an S corporation.

22. As a result of Defendants' failures, DPC's federal corporate income tax returns for tax years 2010, 2011, and 2016 were not filed, and DPC incurred a late filing penalty and interest for its 2013 return.

3

23. As a result of Defendants' failures, DPC's annual federal unemployment tax return (Form 940) for tax year 2013 was not filed.

24. As a result of Defendants' failures, in connection with DPC's quarterly federal tax returns (Form 941), DPC has incurred late filing penalties, late payment penalties, and interest charges on its returns for December 31, 2013, and December 31, 2017; and a penalty for dishonored tax deposit and interest charge for its return for September 30, 2014.

25. As a result of Defendants' failures, in connection with DPC's state of Delaware quarterly unemployment tax returns, DPC's returns for fourth quarter 2011 and fourth quarter 2013 reported incorrect amounts of wages, and DPC's returns for fourth quarter 2014, fourth quarter 2015, and second quarter 2016 through fourth quarter 2017 were not filed.

26. As a result of Defendants' failures, DPC's state of Delaware corporate tax returns were not filed for tax years 2009, 2010, 2011, 2012, 2013, 2014, 2015, and 2016.

27. Defendants failed to fully and fairly disclose to Plaintiffs all relevant facts concerning the status of Plaintiffs' tax returns, failed to advise Plaintiffs of potential or actual tax liabilities in time for Plaintiffs to avoid or mitigate the effects of such liability and penalties and interest charges associated with those liabilities, and failed to inform Plaintiffs that the tax returns were not filed, or paid, on time. Plaintiffs did not discover any of the foregoing failures by Defendants before October 2018.

28. As a result of Defendants' failures, Plaintiffs suffered additional damages, including without limitation the fees and expenses of a tax attorney, other accountants, and a consultant retained to try to address the foregoing errors and omissions by Defendants. Additionally, to obtain funds to pay certain tax penalties and interest, Patel, through her real estate holding companies of which she is the sole owner, was forced to borrow money against two of her properties, resulting in interest, loan charges, title insurance charges, government

4

recording and transfer charges, and homeowners' insurance premiums; and was forced to sell two additional properties, one of which Patel was forced to sell below the appraised value, and both of which resulted in closing costs, including without limitation real estate agent commissions and transfer taxes. Patel further incurred penalties and taxes in connection with early withdrawals from retirement funds to pay certain tax penalties and interest.

29. Plaintiffs have retained the law firm of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill, & Mullis, P.A. ("Trenam Law") and are obligated to pay Trenam Law reasonable fees for its services.

30. All conditions precedent have been performed or have occurred.

## COUNT I
### (Breach of Fiduciary Duty – Patel v. Defendants)

31. The allegations of paragraphs 1 through 30 are incorporated and re-alleged as though set forth fully herein.

32. An accountant-client relationship existed between Defendants and Patel. Defendants owed Patel a fiduciary duty to act for or to give advice for the benefit of Patel upon matters within the scope of that accountant-client relationship.

33. Defendants assumed and owed a fiduciary duty to Patel to accurately prepare and timely file numerous tax returns, to pay amounts owed on such returns with funds provided by Patel, to inform Patel on the status of her tax returns, and to provide sound accounting and tax advice.

34. Defendants breached the fiduciary duty by failing to accurately prepare and timely file numerous tax returns, failing to pay amounts owed with funds provided by Patel, failing to inform Patel of the status of her tax returns, and failing to provide sound accounting and tax advice.

35. The foregoing breaches were the proximate cause of Patel's damages.

WHEREFORE, Patel demands judgment against Defendants for damages, costs, and such other relief available to Patel under the circumstances.

## COUNT II
### (Breach of Fiduciary Duty – Medifield v. Defendants)

36. The allegations of paragraphs 1 through 30 are incorporated and re-alleged as though set forth fully herein.

37. An accountant-client relationship existed between Defendants and Medifield. Defendants owed Medifield a fiduciary duty to act for or to give advice for the benefit of Medifield upon matters within the scope of that accountant-client relationship.

38. Defendants assumed and owed a fiduciary duty to Medifield to accurately prepare and timely file numerous tax returns, to pay amounts owed on such returns with funds provided by Medifield, to inform Medifield on the status of its tax returns, and to provide sound accounting and tax advice.

39. Defendants breached the fiduciary duty by failing to accurately prepare and timely file numerous tax returns, failing to pay amounts owed with funds provided by Medifield, failing to inform Medifield on the status of its tax returns, and failing to provide sound accounting and tax advice.

40. The foregoing breaches were the proximate cause of Medifield's damages.

WHEREFORE, Medifield demands judgment against Defendants for damages, costs, and such other relief available to Medifield under the circumstances.

## COUNT III
### (Breach of Fiduciary Duty – DPC v. Defendants)

41. The allegations of paragraphs 1 through 30 are incorporated and re-alleged as though set forth fully herein.

42. An accountant-client relationship existed between Defendants and DPC. Defendants owed DPC a fiduciary duty to act for or to give advice for the benefit of DPC upon matters within the scope of that accountant-client relationship.

43. Defendants assumed and owed a fiduciary duty to DPC to accurately prepare and timely file numerous tax returns, to pay amounts owed on such returns with funds provided by DPC, to inform DPC on the status of its tax returns, and to provide sound accounting and tax advice.

44. Defendants breached the fiduciary duty by failing to accurately prepare and timely file numerous tax returns, failing to pay amounts owed with funds provided by DPC, failing to inform DPC on the status of its tax returns, and failing to provide sound accounting and tax advice.

45. The foregoing breaches were the proximate cause of DPC's damages.

WHEREFORE, DPC demands judgment against Defendants for damages, costs, and such other relief available to DPC under the circumstances.

## COUNT IV
### (Accounting Malpractice – Patel v. Defendants)

46. The allegations of paragraphs 1 through 30 are incorporated and re-alleged as though set forth fully herein.

47. An accountant-client relationship existed between Defendants and Patel. Defendants assumed and owed a legal duty to Patel to accurately prepare and timely file numerous tax returns, to pay amounts owed on such returns with funds provided by Patel,

7

to inform Patel on the status of her tax returns, and to provide sound accounting and tax advice.

48. Defendants failed to perform the foregoing legal duty by failing to accurately prepare and timely file numerous tax returns, failing to pay amounts owed with funds provided by Patel, failing to inform Patel on the status of her tax returns, and failing to provide sound accounting and tax advice.

49. The foregoing failures by Defendants fell below the standard of care for accountants and were the proximate cause of Patel's damages.

WHEREFORE, Patel demands judgment against Defendants for damages, costs, and such other relief available to Patel under the circumstances.

### COUNT V
### (Accounting Malpractice – Medifield v. Defendants)

50. The allegations of paragraphs 1 through 30 are incorporated and re-alleged as though set forth fully herein.

51. An accountant-client relationship existed between Defendants and Medifield. Defendants assumed and owed a legal duty to Medifield to accurately prepare and timely file numerous tax returns, to pay amounts owed on such returns with funds provided by Medifield, to inform Medifield on the status of its tax returns, and to provide sound accounting and tax advice.

52. Defendants failed to perform the foregoing legal duty by failing to accurately prepare and timely file numerous tax returns, failing to pay amounts owed with funds provided by Medifield, failing to inform Medifield on the status of its tax returns, and failing to provide sound accounting and tax advice.

53. The foregoing failures by Defendants fell below the standard of care for accountants and were the proximate cause of Medifield's damages.

WHEREFORE, Medifield demands judgment against Defendants for damages, costs, and such other relief available to Medifield under the circumstances.

### COUNT VI
### (Accounting Malpractice – DPC v. Defendants)

54. The allegations of paragraphs 1 through 30 are incorporated and re-alleged as though set forth fully herein.

55. An accountant-client relationship existed between Defendants and DPC. Defendants assumed and owed a legal duty to DPC to accurately prepare and timely file numerous tax returns, to pay amounts owed on such returns with funds provided by DPC, to inform DPC on the status of its tax returns, and to provide sound accounting and tax advice.

56. Defendants failed to perform the foregoing legal duty by failing to accurately prepare and timely file numerous tax returns, failing to pay amounts owed with funds provided by DPC, failing to inform DPC on the status of its tax returns, and failing to provide sound accounting and tax advice.

57. The foregoing failures by Defendants fell below the standard of care for accountants and were the proximate cause of DPC's damages.

WHEREFORE, DPC demands judgment against Defendants for damages, costs, and such other relief available to DPC under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable of right by a jury.

/s/ Adam B. Brouillet
SHIRIN M. VESELY
Florida Bar No. 21156
Primary email: svesely@trenam.com
Secondary email: rvalente@trenam.com
ADAM B. BROUILLET
Florida Bar No. 0055490
Primary email: abrouillet@trenam.com
Secondary email: jstraw@trenam.com
Trenam, Kemker, Scharf, Barkin, Frye,
  O'Neill, & Mullis, P.A.
200 Central Ave., Suite 1600
St. Petersburg, Florida 33701
Telephone: 727-896-7171
Facsimile: 727-820-0835
Attorneys for plaintiffs Neelam Patel,
  Medifield Staffing, Inc., and Delaware
  Physician Corp.